The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>F5 NETWORKS, INC.,<br><br>  Defendant. | Civil Action No. 2:21-cv-00126-BJR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |

## I. INTRODUCTION

When this patent infringement action originally commenced in January 2021, Plaintiff WSOU filed four separate complaints alleging that Defendant F5 Networks had infringed four of WSOU's patents. Since then, Plaintiff has voluntarily dismissed three of the complaints. The Court dismissed the remaining case when it granted summary judgment for Defendant in December 2022. Following the entry of judgment, Defendant informed the Court of its intent to file a motion for attorneys' fees under 35 U.S.C. § 285, and the Court set a briefing schedule. Defendant has since filed a motion under § 285, and Plaintiff has responded. Having reviewed the motion, the opposition thereto, and the relevant legal authorities, the Court will deny Defendant's motion for attorneys' fees. The reasoning for the Court's decision follows.

## II. BACKGROUND

**A.   The Claim Construction and Summary Judgment Orders**

The Court's summary judgment order in December 2022 found that Defendant's "BIG-IP" and related products did not infringe Plaintiff's patent 7,548,945 (the "945 patent"). The Court described the 945 patent in detail in its claim construction order:

> Patent '945 is described as "[a] [s]ystem, apparatus, and method using a master device in a cluster of devices to select a network device to respond to a DNS query." Dkt. No. 134 at 3 (citing Dkt. No. 100-9 at ECF 2). Every device connected to the internet has a unique IP address—a complicated numerical sequence—that identifies it to other devices. Devices include personal cell phones and computers, as well as email and web servers that personal devices must contact in order to interact with their email or a website.
>
> A domain name service ("DNS") allows users to connect (i.e., query) to a particular site on the internet by simply typing in the domain name (e.g., CNN.com) rather than the specific numerical IP address of the server the user's device needs to contact.
>
> Large networks, such as popular websites, require more than one server to handle the volume of queries they receive. When there is a "cluster" of multiple servers, there must be a system for efficiently assigning queries to the server that is best equipped to handle them at the time the queries are received—a process known as "load balancing"—so that no one server becomes overloaded. An Authoritative Name Server ("ANS") is a device that performs this function. When it receives DNS queries, it assigns them to the other servers. The patented technology before the Court was designed as a modification and improvement of the existing system. Instead of designating a single, separate device to permanently serve as the ANS, the patented technology allows any device in the cluster to serve as a "master device" as needed. Additionally, the patented technology claims to enhance the communication between the master and other devices, with the latter sending status information to the master device in real time. The master device can then make more informed decisions in executing its load-balancing function.

Dkt. 89 at 14-15. The Court's summary judgment order hinged on whether Plaintiff could establish that Defendant's products possessed a "master device" like the one described in the patent. More precisely, the Court analyzed whether "the 945 patent necessarily requires that *any* device in a cluster of devices can serve as the master device at any given time, and thus that the product can only infringe the patent if it possesses this capability." Dkt. 216 at 5 (emphasis in original). The

2

Court referred to this capability as "interchangeability." *Id.* Plaintiff argued that "the *Markman* Order is clear that interchangeability is not required in the construction itself, even if the Court stated that it is permitted." Dkt. 173 at 9 (citing Dkt. 89 at 15 ("[T]he device playing the master role *may* change as needed" (emphasis in Plaintiff's brief))). The Court rejected this interpretation and found that "flexibility and interchangeability . . . was a key part of the Court's definition of 'master device.'" *Id.* at 6. Plaintiff's interpretation relied heavily on "the word 'may' in the phrase 'the device playing the master role *may* change as needed' as supporting its argument that interchangeability is permitted but not required." *Id.* (citations omitted). The Court found this reliance to be misplaced, stating that "the 'may' refers to options users have that the prior art did not give them [namely, the interchangeability of devices]—it does not suggest that the existence of this capability itself is optional in the design of the technology." *Id.*

The Court thus found that, in order to succeed on their patent infringement claim, Plaintiff needed to show that Defendant's products possessed the interchangeability described in the patent. The Court then proceeded to review each piece of evidence Plaintiff had cited purporting to show that this interchangeability existed. None of the evidence Plaintiff cited raised a genuine dispute of fact as to interchangeability. Even if taken as true, Plaintiff's evidence would not have established that Defendant's product possessed the necessary capability. On this basis, the Court granted summary judgment for Defendant.

Now before the Court is Defendant's motion for attorneys' fees it has incurred since the Court's claim construction order in January 2022.

### III. LEGAL STANDARD

Attorneys' fees are in patent litigation are awarded only in "exceptional cases." *Octane Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545 (2014). "Exceptional" cases fall into two categories. The first category involves litigation misconduct, where a plaintiff's prosecution of the

3

case is unreasonable and often consists of "independently sanctionable conduct." *Id.* at 555. The second category involves the strength of a plaintiff's claims and the reasonableness of their filing and pursuing the action. If the totality of the circumstances in a case evidence "subjective bad faith" or a plaintiff brings "exceptionally meritless claims," attorneys' fees may be appropriate. *Id.* Exceptionally meritless claims have been described as "objectively baseless" and "frivolous." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 917 (Fed. Cir. 2012). In general, exceptional cases under either category are "rare." *Octane Fitness*, 572 U.S. at 555. Deciding whether a case is exceptional and attorneys' fees should be awarded is within the discretion of the trial court, and "no specific evidentiary burden" applies to a motion seeking fees. *Id.* at 557.

### IV.   DISCUSSION

#### A.   The Parties' Positions

Defendant's motion for attorneys' fees argues that this case is exceptional under the second *Octane Fitness* category—specifically, that Plaintiff's claim with respect to the 945 patent was obviously meritless after the Court defined the term "master device" at the *Markman* hearing. Defendants' argument thus focuses only on the claim on which the Court granted summary judgment, and not on the three other related infringement actions that were voluntarily dismissed. Defendants also do not make an argument under the first category of exceptional cases by claiming that attorneys' fees are warranted based on Plaintiff's conduct during the litigation. Therefore, the only issue presented by Defendants' motion is whether Plaintiff's 954 patent infringement claim was so clearly meritless that Plaintiff should have known after the *Markman* hearing that it had no chance of successfully litigating the case.

Defendant's brief notes that the Court, in its summary judgment order, focused in part on the "plain language" of the patent claims. Among other things, Defendant points to the Court's statement that "Plaintiff's interpretation of the Court's construction defies the plain language of the

[claim construction] order." *Id.* (citing Dkt. 216 at 6).  Defendant argues that the plain meaning of the claims should have been readily understandable to Plaintiff without the need to further litigate it. Dkt. 225 at 6.   Defendant further claims that—in the months between claim construction and summary judgment—Plaintiff did not attempt to support its position on interchangeability.  *Id.* at 5.  For instance, "[Plaintiff's] infringement contentions were completely silent on the issue of 'interchangeability.'" *Id.*  Finally, although not explicitly alleged, Defendant implies that Plaintiff brought this action in bad faith and that a fees award is needed to deter future vexatious litigation. *Id.* at 12.

Plaintiff devotes most of its brief to defending the reasonableness of its interpretation of the patent claims and its argument in opposition to summary judgment.  *See* Dkt. 229 at 1-10.  Plaintiff essentially argues that the Court was wrong to grant summary judgment for Defendant and that, at the very least, it made a plausible, good-faith argument.  *Id.*  Plaintiff also counters Defendant's accusation that Plaintiff never attempted to develop support for its interchangeability argument by noting that Defendant's filings, too, were silent on the issue until the eve of its summary judgment motion. *Id.* at 10.  Plaintiff claims that Defendant "did not dispute [interchangeability] until months after claim construction," and that Defendant's invalidity contentions and opening expert report appeared to indicate that it agreed with Plaintiff's characterization of the issue.  *Id.* at 3, 10. Essentially, Plaintiffs argue that its filings did not make a counterargument as to interchangeability because Defendant had not raised an argument to counter.

**B.     Analysis**

The Court finds that this case does not qualify as exceptional.  In its summary judgment ruling, the Court rejected Plaintiff's infringement claim but did not find it "baseless" or "frivolous." *MarcTec*, 664 F.3d at 916-19.  The same goes for Plaintiff's interpretation of the term "master device," specifically.  Dkt. 216 at 5-6.  Plaintiff's alternative interpretation—which would have

made interchangeability an optional rather than mandatory to accused products—was (in the Court's view) incorrect, but not implausible. The Court noted that it viewed Plaintiff's interpretation as inconsistent with the plain language of the patent claims, but many non-frivolous cases in and outside of patent law involve competing interpretations purportedly supported by the plain language of whatever is being interpreted. The fact that Plaintiff's interpretation did not prevail and that Plaintiff lost on summary judgment is not "exceptional" but in fact exceedingly ordinary. As the Supreme Court stated in *Octane Fitness*, fee awards are not should not be used as a "penalty for failure to win a patent infringement suit." *Octane Fitness*, 134 S. Ct. at 1753; *see also Mobiloc, LLC v. Neutron Holdings, Inc.*, 2022 WL 874738, at *3 (W.D. Wash. Mar. 24, 2022) ("Although the Court ruled against Plaintiff on summary judgment, the Court did not find Plaintiff's infringement position . . . to be frivolous or raised in bad faith."); *Corus Realty Holdings, Inc. v. Zillow Group*, 2020 WL 4041108, at *5 (W.D. Wash. July 17, 2020) (denying fees' motion where defendant had prevailed on summary judgment but "the court [did] not find evidence of baselessness or frivilousness").

Plaintiff cites a persuasive case, *EON*, in which the Northern District of California noted that it had found the unsuccessful plaintiff's argument to be a "quite stretched" such that "few patentees would pursue it" and that "it should have been plain enough from the surrounding context and the Court's actual construction that" Plaintiff's interpretation did not make sense. *EON Corp. IP Holdings LLC v. Cisco Sys.*, 2014 WL 3726170, at *5 (N.D….) Nevertheless, the court "[could not] quite conclude that no reasonable patentee could see an opening in the Court's claim construction order through which the argument be squeezed." *Id.* The Court finds this to be a helpful illustration of what an "exceptionally meritless" case looks like. A party's argument may be incorrect—even clearly incorrect—but fees are justified only when the implausibility of the

argument is so obvious that no reasonable patentee would make it, such that the party that did make it is the "exception" to the rule. Here, Plaintiff's interchangeability argument at summary judgment was not exceptionally meritless.[1] A reasonable patentee could have elected to make their argument rather than voluntarily dismiss or settle the case. Accordingly, attorneys' fees under § 285 are not warranted, and Defendant's motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees under 35 U.S.C. § 285 (Dkt. 225) is denied.

DATED this 29th day of May, 2023.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1] The Court is also persuaded that the issue of interchangeability was not raised by Defendant until it began preparing its summary judgment motion and that this weighs against awarding fees. *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) (denying fees in part because movant had failed to raise the dispositive issue earlier in the litigation).